Edward Thompson, J.
A motion was made by the defendant for a hearing on a writ of error coram nobis. Upon consent of the District Attorney an order was made by this court on March 10, 1960 directing that a hearing be held on the specific allegations of the defendant as follows: Whether defendant had been informed of his right to counsel at the time of his arraignment, whether defendant had counsel at the time of his plea of not guilty and whether defendant had counsel at the time of his plea of guilty.
This defendant together with, another was indicted October 3, 1939 charged with burglary in the- first degree, robbery in the first degree and assault in the second degree, petit larceny and carrying a dangerous weapon as a felony as to the petitioner. The defendants wore arraigned on said indictment on October G, *1083 1939 and thereafter on October 23, 1939 this petitioner pled guilty as indicted. On December 8,1939 the petitioner was sentenced to Sing Sing State Prison for a period of not less than 10 years nor more than 30 years.
A hearing was had upon the petitioner’s allegations on May 18 and May 24, 1960.
The petitioner, being represented by counsel, testified that when he pleaded guilty and was sentenced he was not represented by counsel; that an attorney appeared for his codefendant at the time the petitioner pleaded guilty to the indictment; that he did not know the attorney, nor knew to what he was pleading; that he received no legal advice nor was advised of his right to counsel. This was the gist of the petitioner’s testimony.
The People produced the attorney who in substance testified that he had been retained by the codefendant and when he interviewed the codefendant in prison he volunteered to represent the petitioner who said he was without funds. The petitioner accepted this offer. All this was prior to the petitioner pleading guilty to the indictment. The attorney also testified that he recommended that the petitioner plead guilty in view of the circumstances of his arrest at the scene of the crime, and to place himself at the mercy of the court. The attorney testified he was present when the petitioner pleaded guilty.
The People introduced in evidence the original indictment which had a handwritten notation that the attorney represented both the defendants.
Over 20 years have elapsed since all these events transpired and unfortunately, in many cases, from the viewpoint of seeking the truth of what actually happened and what was said at the time in question, namely, when the petitioner entered his plea of guilty, the court reporter’s notes have either been destroyed or the reporter is deceased and consequently it is difficult to secure a transcript. Fortunately in this case the People were able to secure and put in evidence a certified transcript of what transpired on October 23, 1939.
This transcript wholly refutes the petitioner’s testimony as to what was said by the Judge, his attorney, and the petitioner.
The transcript indicates that the attorney asked for a severance of the indictment as between the petitioner and the codefendant because their interests conflicted and that the petitioner would plead guilty that morning. The Judge then addressed the petitioner and carefully and fully advised him that by pleading guilty he was admitting the commission of the crimes of burglary first degree and robbery first degree, and that by so pleading the petitioner was not to understand that *1084 the Judge was going “ to be easy ” on him regardless of what he thought or someone told him; that upon examining the facts of the case, if the court deemed it necessary, the petitioner would be sent to prison “ for a long time ” despite the fact that he pleaded guilty. The court then went on to say that in view of what the court had just said to the defendant (petitioner), that if he wished to change his mind and would prefer to go to trial he could withdraw his guilty plea and that said plea would not be considered by the court or be referred to upon a trial, and in view of the fact that there was a conflict of interest and that under these circumstances if the defendant (petitioner) would like to stand trial the court would appoint another lawyer to represent him. After this statement by the court the petitioner said he wanted to plead guilty.
This petitioner has beyond question failed to establish his allegations by such clear and convincing evidence as to entitle him to the relief he seeks. The absence of counsel, at the time of sentence, if a fact, is insufficient grounds for coram nobis relief in view of the evidence in this case.
The courts of this State for the past number of years have been flooded with applications for hearings on writs of error coram nobis to vacate judgments of convictions, in many cases going back 20 to 30 years. In most applications there are allegations of incompetent or unfaithful counsel, promises of leniency made by District Attorneys or the court, and other reasons which are difficult to refute. Because of the length of time since the occurrence is so great it is most difficult to secure transcripts of what occurred or the attendance as witnesses of attorneys, District Attorneys or Judges who may have died or are unavailable.
This court feels that the time has come to look to the prosecution for perjury in some of these cases of “ post conviction roulette ” in which so much of our prison population is indulging. At the present there is apparently a feeling among some prisoners that they are entitled to make any outrageous charge against the legal profession or the judiciary and at worst their application will be denied with the right to continue to make application after application until it comes before a judge who will be sympathetic to their efforts.
In this case only the court is constrained to recommend leniency toward the petitioner in what is clearly perjury because he is incarcerated in the Eastern Correctional Institution at Napanoch, N. Y. and thus may admittedly be somewhat irresponsible. In view of the provision of section 439 of the Correction Law regarding transfer of felons found mentally *1085 defective the court feels under these circumstances that justice must be tempered with mercy.
Motion is denied.
Petitioner is ordered returned to his original place of incarceration.
The District Attorney is directed to serve a copy of this decision and order upon the attorney for the defendant.